**MODEL ASSOCIATES, INC., Plaintiff,**

v.

**U. S. STEEL CORPORATION, Defendant.**

No. C–1–79–588.

United States District Court, S. D. Ohio, W. D.

Dec. 3, 1980.

Gene Mesh, Cincinnati, Ohio, for plaintiff.

John W. Beatty, Cincinnati, Ohio, for defendant.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on the motion of plaintiff to certify a class in accordance with Rule 23(b)(3), Fed.R.Civ.P. In its amended complaint plaintiffs assert a cause of action against defendant pursuant to Section 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated by the Securities Exchange Commission. (Doc. 29).

Plaintiff describes the class as "all persons or entities who purchased USS securities on the open market, whether debt or equity,–during the period from January 1, 1973 through January 1, 1978." (Amended Complaint, page 1–Doc. 29).

Certification of a class action requires adherence to Rule 23(a). Such subsection requires:

(1.) Numerosity of class;

(2.) Commonality of questions;

(3.) Typicality of claim; and

(4.) Fair and adequate representation by the plaintiff.

In addition to the foregoing, under Rule 23(b) it is necessary that the Court find that common questions of law or fact take precedence over questions affecting only individual members and that a class action is superior to other available methods.

Plaintiff Model Associates, Inc. is an investment entity controlled by Stanley A. Marks (Marks Deposition at 33, 39, 41, 43, 44); (Gates Deposition at 18 and 29).

Mr. Marks is a full–time stockbroker and an investment advisor. He has been associated with brokerage firms in New York City. He has had his own brokerage firm and he is presently a special limited partner in the brokerage firm of Kalbe Voorhies and Company and maintains its Miami office. (Marks Deposition at 5, 8, 10, 13, 14). Mr. Marks has traded with some frequency in the common stock of defendant. Since 1972 he purchased shares on eighteen different occasions and now retains 1,000 shares; 500 purchased August 9, 1977; 500 shares purchased March 27, 1979.

During the period in question there were apparently six different types of United States Steel securities, including common stock and five types of debentures.

Ownership of common stock creates a relationship entirely different from the ownership of debentures. A shareholder is a owner; a debenture holder is a creditor. Owners seek to borrow money at the lowest possible rate; creditors seek the highest rate. Plaintiff asserts in general that defendant violated Section 10(b) by understating its obligations to comply with the Clean Air Act, Pub.L. 92–157 and Clean Water Act of 1977, Pub.L. 95–217. If plaintiffs' claims are correct and there were undisclosed liabilities it would seem that it was the debenture holders who were thus damaged while the common shareholders benefited. The failure to disclose liabilities might improve the stated financial condition of defendant and enable it to borrow at lower interest rates. The Court expresses

no opinion as to plaintiff's ability to prove misrepresentation; it does, however, hold that the interests of a stockholder under such circumstances are antagonistic to a debenture holder and since plaintiff owned only common stock, its claim is not typical of the class it seeks to represent. Such antagonism represents both a potential conflict of interest and a question of ability to render fair and adequate representation. *See Blumenthal v. Great American Mortgage Investors*, D.C., 74 F.R.D. 508 at 516.

■ By reason of its frequent trading in defendant's common stock, plaintiff may be described as an "in and outer" as distinguished from one who purchased and held defendant's stock for prolonged periods during the relevant period. An analysis of plaintiff's activities between January 1, 1973 and January 1, 1978 may be found on Defendant's Exhibit 4 attached to its Memorandum in Opposition to Plaintiff's Motion for Class Certification (Doc. 23). This exhibit reveals that in the sixty months between the above dates, plaintiff was a shareholder for only nine and one–half months. The periods of holding varied from five days (December 13, 1973 to December 18, 1973) to approximately five months (August 9, 1977 to January 1, 1978). Specifically, plaintiff owned defendant stock for approximately thirty–three days in 1973, sixty–eight days in 1974, three and one–half months in 1975, two months in 1976 and five months in 1977. As an "in and outer" plaintiff was more often "out" than "in".

Neither plaintiff's counsel nor this Court in its independent research has found any authority regarding the propriety of "in and outers" to represent a class. However, it does seem to this Court that an "in and outer" who is essentially a speculator is substantially different from an investor who buys and holds. This difference likewise raises questions both of typicality and commonality.

The certification of a class action is essentially a balancing operation. On the one hand a class action may be more efficient and economical of counsels' and the Court's

time, but it may on the other hand subject absent class members to an unfavorable determination of their rights solely because of defenses available against the class plaintiff which are unavailable against anyone else.

This becomes pertinent in the matter at hand where plaintiff is controlled by a knowledgeable and sophisticated stock broker and analyst. Might such sophistication obliterate commonality as suggested in *Trattner v. American Fletcher Mortgage Investors*, D.C., 74 F.R.D. 352? Might a sophisticated investor be expected to rely less upon alleged misrepresentation than one less sophisticated as noted in *Chelsea Associates v. Rapanos*, 527 F.2d 1266 (6th Cir. 1975)?

These questions are not controlling in the Court's determination but cannot be disregarded in any balancing analysis.

The problem of class action versus issues that affect individuals only was considered in *Gelman v. Westinghouse*, D.C., 73 F.R.D. 60. In a scholarly opinion by The Honorable Hubert I. Teitelbaum of the Western Division of Pennsylvania class action was denied where the plaintiffs asserted damages for failure of defendant Westinghouse Electric Corporation to disclose its plans of divestiture of an unprofitable subsidiary. While the results of such failure had the reverse effect of the alleged failure of disclosure herein, it is clear that in the context of common issues of law and fact the result is the same. Judge Teitelbaum pointed out:

> In deciding whether common issues of law or fact predominate over issues affecting members of the proposed class on an individual basis, the Court must determine the extent to which each of the relevant legal and factual questions affecting each member of the asserted class can be litigated on a common basis. Cf. *Katz v. Carte Blanche Corporation*, 496 F.2d 747, 756 (3d Cir. 1974).

Upon consideration of the foregoing, the Court deems the individual issues as to other plaintiffs to predominate over the common questions of law or fact. No opinion is

expressed as to the merits of plaintiff's claim nor the disposition of a motion for class certification brought by another litigant.

The Court holds only that in an action under 10(b) and 10b5 a corporate plaintiff dominated and controlled by an experienced and sophisticated stockbroker and investment adviser which has dealt only in defendant's common stock for limited periods may not represent a class identified as "all persons or entities who purchased USS securities–both debt and equity–on the open market during the period from January 1, 1973 through January 1, 1978."

Plaintiff's motion for class certification is hereby DENIED.

IT IS SO ORDERED.