**In re GIBSON GREETINGS SECURITIES LITIGATION.**

No. C–1–94–445.

United States District Court,
S.D. Ohio,
Western Division.

Dec. 6, 1994.

Richard Stuart Wayne, Strauss & Troy, Cincinnati, OH, for Gail Vladimir.

Lewis Clifford Craig, Taft, Stettinius & Hollister, Cincinnati, OH, for Gibson Greetings Inc., Benjamin J. Sottile.

Roger John Makley, Coolidge, Wall, Womsley & Lomb, Dayton, OH, for Michael A. Pietrangelo.

James Ralph Adams, Frost & Jacobs, Cincinnati, OH, for Arthur Anderson & Co.

## ORDER DENYING CLASS CERTIFICATION

CARL B. RUBIN, District Judge.

This matter is before the Court on the Motion of Plaintiffs to Certify a Class. Memoranda have been filed in favor of and in opposition to such certification and oral argument was held in open court on November 18, 1994.

The prerequisites to a class action may be found in Fed.R.Civ.P. 23(a). Since the basic question involved herein deals with the nature of representation, the Court will confine its analysis to such prerequisite at this time. The fourth requirement for a class action certification requires that "the representative parties will fairly and adequately protect the interests of the class." The Court expresses no doubt as to the competence of Plaintiffs' counsel, but does have reservations regarding each of the proposed class plaintiffs, William Steiner and Paul Gambal. Since the appropriateness of such plaintiffs representing the class has been called into question, the Court will consider this issue alone.

It might be well at this point to consider the relationships of the parties in a class action, which is unlike any other form of litigation. The Judge who will govern the proceedings bears a relationship to the class that is unique. The determination of whether or not a class should be certified is within his discretion, (*Weaver v. University of Cincinnati*, 970 F.2d 1523, 1530 (6th Cir.1992) (*quoting Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1197 (6th Cir.1988)), and no class action may be dismissed or compromised without the approval of the Court.

The relationship of class members to class counsel or class plaintiffs is likewise unique. In a large class action, it is probable that the vast majority of the class members have never heard of the class plaintiff or class counsel. However, in the absence of an opt-out, their rights will be governed by people who they have never met and whose competence is a mystery. It is for that reason that a Court is entrusted with the responsibility of determining that the representatives will "fairly and adequately" protect the interests of the class. If it develops that there are defenses against the class plaintiffs which are not available against other members of the class, those defenses may very well defeat the class action, despite class members' lack of knowledge regarding either the class plaintiff or class counsel. Conversely, it is arguable that the strengths of class plaintiffs and class counsel will benefit those members of the class who are in the same state of ignorance as above set forth. It is the *a priori* determination of the court that will effect all members of the class either way.

This Court has previously considered a matter similar to that before it in the case of *Model Associates, Inc. v. U.S. Steel Corp.*, 88 F.R.D. 338 (S.D.Ohio 1980). The Court stated then, and considers appropriate now, the following:

The certification of a class action is essentially a balancing operation. On the one hand a class action may be more efficient and economical of counsels' and the

Court's time, but it may on the other hand subject absent class members to an unfavorable determination of their rights solely because of defenses available against the class plaintiff which are unavailable against anyone else.

*Id.* at 340.

It is with the foregoing in mind that the Court now considers the two proposed class plaintiffs.

### A. *William Steiner*

■ It is not disputed that Mr. Steiner has filed approximately 182 class actions in the last twelve years. In 23½ years as a United States District Judge, this Court has never before encountered an individual who has filed that number of lawsuits. Mr. Steiner, it appears, is one of a growing group of people who may be classified as "professional class action plaintiffs." While the Court is not prepared to define a "professional class action plaintiff," it is clear that a person who has filed such a vast number of lawsuits comes within any definition of that phrase. It is this Court's opinion that a "professional class action plaintiff" should not be permitted to represent a class of individuals who are not similarly situated.

It is indisputable that Mr. Steiner is not typical of the members of the class and that in the hands of competent defense counsel at trial, his litigation history would be utilized to defeat the claims of the other class members. This finding is consistent with the decisions of several other courts which have found that while a "professional plaintiff's" status as such, standing alone, is insufficient to warrant denial of class certification, certification of a class is not proper where other factors associated with such plaintiff's litigation history are present. *See Koenig v. Benson,* 117 F.R.D. 330, 336 (E.D.N.Y.1987); *Hoexter v. Simmons,* 140 F.R.D. 416, 422–23 (D.Az. 1991); *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508–09 (9th Cir.1992). Foremost among such factors is the professional plaintiff's vulnerability to unique defenses concerning his reliance on the market's integrity in purchasing stock.

This concern regarding susceptibility to unique defenses is present here. Mr. Steiner's alarmingly extensive litigation history leaves him subject to unique defenses concerning his reliance on the market's integrity. His litigation record renders him particularly vulnerable to attacks on his credibility in light of the fact that although he presumably believes he has been the victim of securities fraud many times over, he has continued to purchase stock in purported reliance on the integrity of the market.

The Court notes that it is not the first to address concerns over Mr. Steiner's status as a "professional plaintiff". These concerns were also raised in *Koenig,* 117 F.R.D. 330, a case in which Mr. Steiner was a named class plaintiff. Mr. Steiner had purportedly filed 39 securities actions in the three years preceding that lawsuit. The court denied class certification on the ground that Mr. Steiner was subject to unique defenses which made him an atypical defendant. Specifically, Steiner had purchased stock in a company after allegedly undisclosed losses of the company became public and forced it into bankruptcy. In addition, the court noted that, "[Mr. Steiner] seems to treat any loss on a stock speculation as a fresh opportunity to gamble on a possible recovery in the courtroom". *Koenig,* 117 F.R.D. at 336. This observation appears to hold true in view of the enormous number of lawsuits Steiner has filed subsequent to *Koenig.*

In accordance with the foregoing, the Court determines that class plaintiff William Steiner is not atypical of the members of the class and that he will not adequately protect the interests of the class. He is therefore rejected as such class plaintiff.

### B. *Paul Gambal*

■ Mr. Gambal is the Chairman of the money management firm of Berno & Gambal, a licensed security broker, and a registered investment advisor. It is undisputed that Mr. Gambal purchased Gibson stock both on April 22, 1994 and on July 1, 1994. It was after Gibson announced the inventory overstatement that Mr. Gambal bought the additional stock on July 1, 1994. It appears in Mr. Gambal's deposition that both he and his

**502**

clients had purchased a substantial quantity of Gibson stock.

Defense counsel at oral argument raised an interesting question. If Mr. Gambal is permitted to be class plaintiff, he must seek as large a monetary reward for the class as he can. That money, of necessity, will come from Gibson Greeting Card and will effect the stock value of each shareholder. On the other hand, Mr. Gambal represents in a fiduciary capacity shareholders in Gibson who would resist the payment of money since it would adversely effect their interests. Mr. Gambal is therefore in an untenable position as to his conflicting fiduciary obligations. If a class plaintiff is called upon to reconcile directly conflicting interests, it is difficult to argue that he would fairly and adequately protect the interests of the class when he has adverse interests equally compelling. He may be willing to choose between his diverse obligations, but the Court is not. In view of his holdings, it is this Court's opinion that he does not qualify as a representative party.

In accordance with the foregoing, the Court need not inquire into the other prerequisites of a class action. The Court expresses no opinion at this time as to the ability of plaintiffs to obtain certification of a class in this litigation. This limited holding determines only that neither Mr. Steiner nor Mr. Gambal may serve as the class representative.

The Motion for Class Certification is hereby DENIED.

IT IS SO ORDERED.